No. 67,825

## In the Matter of KENNETH P. SECK, *Respondent.*

(840 P.2d 516)

Opinion filed October 30, 1992.

*Stanton A. Hazlett,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with him on the brief for the petitioner.

*Howard E. Bodney,* of Overland Park, argued the cause and was on the brief for respondent.

*Per Curiam:* This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Kenneth P. Seck, of Overland Park, Kansas, an attorney admitted to the practice of law in Kansas. The facts, as determined by a hearing panel of the Kansas Board for Discipline of Attorneys, are not disputed.

Following a hearing the panel found, *inter alia,* the following facts:

"4. The Complainant, Stanley Robert (Bob) Brickie, retained respondent in late November of 1989 to defend him in litigation entitled *Harold Lynd v. Stanley Robert Brickie,* filed in federal district court in ·Kansas. The Respondent requested a retainer of $3,000.00. The Complainant paid the Respondent $2,000.00 on December 1, 1989, and $1,000.00 on December 26, 1989. Respondent advised the Complainant he could handle the case.

"5. Respondent filed the following pleadings in Mr. Brickie's law suit: ·

A. Four motions for extension of time;

B. A Motion to Dismiss with Suggestions in Support;

C. An Answer and Counterclaim; and

D. A Third Party Complaint.

"6. On June 18, 1990, Mr. Brickie wrote to Respondent advising him he was terminating his services and requesting an accounting and refund of the monies left on his retainer. Mr. Brickie complained that the Respondent failed to return phone calls; was dilatory in responding to court time limits; and had to rely upon other counsel despite his assurances he was able to handle the litigation. Mr. Brickie retained Kirk D. Auston of Whitsitt, Auston & Skinner to represent him.

"7. On October 2, 1990, Mr. Auston wrote Respondent and requested an accounting on behalf of Mr. Brickie.

"8. On November 6, 1990, Mr. Brickie wrote to request an accounting from Respondent. Mr. Brickie indicated his records reflected a total of four

hours and fifteen minutes spent in face to face consultation. He computed his total bill at $85.00 per hour to be approximately $727.00 and asked for a return of $2,273.00.

"9. By letter dated July 25, 1991, Thomas P. Mitchelson, of Mitchelson & Mitchelson, who was assigned to investigate the complaint, requested Respondent provide an itemized bill of his time spent in representation of Mr. Brickie to the Disciplinary Administrator.

"10. Respondent engaged in correspondence with the Disciplinary Administrator's office regarding providing an accounting for his services in the fall of 1991. On February 28, 1992, Respondent wrote to Mr. Brickie. Respondent furnished an itemized statement of his fees with the letter. Respondent's fees exceeded the amount of the retainer by over $1,200.00. Respondent advised Mr. Brickie he was waiving any claim for the excess funds.

"11. At the hearing, Respondent's counsel [Howard E. Bodney] advised the panel Respondent had difficulty reconstructing his time records because he kept his time in this matter on 'post it' notes. Mr. Bodney further advised Respondent was not in the habit of maintaining time records because he handled primarily retainer and contingent fee cases."

The panel also noted in its report that the billing and accounting was not furnished to Mr. Brickie until just five days before the panel hearing and that the respondent had previously been informally admonished in an earlier case.

The panel concluded there was clear and convincing evidence that the respondent's actions in representing Mr. Brickie violated MRPC 1.15(d)(2)(iii) and (iv) (1991 Kan. Ct. R. Annot. 263), in that he failed to maintain appropriate records of the client's funds in his possession and to properly render an accounting to the client. The panel also concluded that respondent failed to cooperate with the Disciplinary Administrator, in violation of Supreme Court Rule 207 (1991 Kan. Ct. R. Annot. 149).

Although the Disciplinary Administrator recommended informal admonition, the panel has recommended that the respondent be disciplined by public censure. Respondent urges us to adopt the recommendation of the Disciplinary Administrator and asks that the discipline be limited to an informal admonition. Respondent argues that he is an extremely busy solo practitioner who has practiced law for 23 years with only one prior infraction, that the client suffered no loss or damage as a result of respondent's failure to promptly furnish an accounting, and that several

reported cases of public censure involved much more serious infractions.

We do not agree with respondent that his failure in this case warrants only an informal admonition. The single most frequently heard complaint against members of the bar is the failure to communicate and keep clients informed of the status and progress of the client's business. In the instant case, the respondent probably could have avoided any complaint if he had only taken the time to respond to one of the repeated requests for an accounting. Every client deserves to be kept informed of the status of his affairs being handled by an attorney. The failure to keep a client informed may cause extreme concern and worry to the client and is not a minor infraction of the disciplinary rules.

We agree with the findings, conclusions, and recommendation of the disciplinary panel and therefore adopt them.

IT IS THEREFORE ORDERED that Kenneth P. Seck be, and he is hereby, publicly censured for his violation of the rules of professional conduct as set forth above.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports and that the costs herein be assessed to the respondent, Kenneth P. Seck.