No. 70,951

In the Matter of KENNETH P. SECK, *Respondent.*
(874 P.2d 678)

Opinion filed May 27, 1994.

*Marty M. Snyder,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, was with her on the formal complaint for petitioner.

*Kenneth P. Seck,* respondent, appeared pro se.

*Per Curiam:* This is an original attorney discipline proceeding filed by the office of the Disciplinary Administrator against Kenneth P. Seck of Overland Park, Kansas, an attorney admitted and licensed to practice law in the State of Kansas.

Following the formal hearing, the panel found the respondent had violated:

1. MRPC 1.3 (1993 Kan. Ct. R. Annot. 263): "A lawyer shall act with reasonable diligence and promptness in representing a client";

2. MRPC 1.4 (1993 Kan. Ct. R. Annot. 267): "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

3. MRPC 7.5(d) (1993 Kan. Ct. R. Annot. 343): "(d) Lawyers may state or imply that they practice in a partnership or other organization only when that is the fact."

No exceptions were filed to the panel's final hearing report.

The facts underlying the violation may be summarized as follows. In March 1992, complainant Sheryl (Wade) Kelley retained respondent to complete her pending divorce action for a flat fee of $1,000. Respondent was the third attorney to undertake representation of the complainant in the action, the other two having been successively retained and discharged. The $1,000 fee was

paid in full at the beginning of respondent's representation of complainant.

The major dispute in the divorce action was which party should receive a $5,400 tax refund due from the Internal Revenue Service (or how said refund should be divided). Initially, complainant and respondent had various contacts in preparation for trial. Trial was had on October 26, 1992. From about the middle of July until the eve of trial, respondent did not return any of complainant's numerous telephone calls and had no contact with the complainant. Respondent was not well prepared at the trial. Respondent did not prepare any proposed property division for the trial court's consideration, did not request restoration of complainant's maiden name (as complainant wanted), and on May 1993, obtained the name restoration through a nunc pro tunc order.

The violation of MRPC 7.5(d) arose through respondent's usage of a letterhead entitled "Law Offices, Seck & Seck," indicating respondent was in partnership with his father, Leon B. Seck. This was not true.

The panel noted that respondent had previously received two informal admonitions and one public censure (251 Kan. 829, 840 P.2d 516 [1992]) for professional misconduct and that, accordingly, suspension would be the usually recommended discipline. The panel then stated:

"[H]owever, the panel believes that there are other unusual circumstances that need to be taken into consideration.

"The evidence indicated that when Respondent agreed to take on Complainant's divorce action for $1,000, the posture of the case indicated that settlement was imminent. When it finally appeared the case would not settle but rather would go to court, Respondent's anticipated work load increased dramatically, as did the demands made upon him by his client, the Complainant. Without question, Respondent failed to communicate properly with his client, and he was dilatory in performing some of the work; however, had respondent simply been more candid and more forceful in dealing with his client and advising her that he would get in touch with her when it came time to prepare for the trial, many of the difficulties in evidence in this matter would have been resolved.

"Finally, the panel notes that there was no evidence that Complainant was in any manner harmed or injured by Respondent's lack of diligence and lack of communication. The panel is also mindful that Complainant was apparently not

as upset or discouraged by Respondent's activities as she was those of her predecessor lawyers, both of whom she dismissed."

The court is concerned with the implication of the panel's comments concerning the work to be done becoming more time consuming than anticipated. The fact that the agreement respondent entered into with the complainant turned out to be a bad deal financially for respondent is no excuse or mitigation for failure to communicate with the client. The complainant testified at the hearings. It is obvious that the panel was not impressed with the complainant's conduct and testimony relative thereto and placed part of the blame on the breakdown of communication on her. As no exceptions were filed, we do not have a transcript of the testimony before the panel (see Rule 212 [1993 Kan. Ct. R. Annot. 180]) and must, accordingly, give deference to the panel's determination in this regard. We accept the panel's recommendation that censure be imposed and that the court should direct publication of such censure.

IT IS THEREFORE ORDERED that Kenneth P. Seck be censured for violations of MRPC 1.3, 1.4, and 7.5(d).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.